**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0005779
18-FEB-2015
08:47 AM**

NO. CAAP-13-0005779

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MICHAEL L.K. WEEKS, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
PUNA DIVISION
(CASE NO. 3DTC-12-026655)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Defendant-Appellant Michael L. K. Weeks (Weeks) appeals from a Notice of Entry of Judgment and/or Order entered October 25, 2013, in the District Court of the Third Circuit, Puna Division (district court).[1] Judgment was entered against Weeks on Count I, Driving Motor Vehicle Without a Valid License in violation of Hawaii Revised Statutes (HRS) § 286-102(b) (Supp. 2014), and Count II, No Motor Vehicle Insurance in violation of HRS § 431:10C-104(a) (2005). The district court entered Judgment after denying Weeks's motion to dismiss, in which Weeks argued that the State of Hawai'i (State) lacked jurisdiction over him and he asserted the affirmative defense of ignorance or mistake of law.

On appeal, Weeks asserts that the district court erred as a matter of law in denying his motion to dismiss. He primarily relies on the affirmative defense of ignorance or

---

[1] The Honorable Harry Freitas presided.

mistake of law under HRS § 702-220(1) (2014). He also argues the State lacks jurisdiction over him.[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Weeks's point of error as follows and affirm.

HRS § 702-220(1) provides that

§702-220. **Ignorance or mistake of law; belief that conduct not legally prohibited.** In any prosecution, it shall be an affirmative defense that the defendant engaged in the conduct or caused the result alleged under the belief that the conduct or result was not legally prohibited when the defendant acts in reasonable reliance upon an official statement of the law, afterward determined to be invalid or erroneous, contained in:

(1) A statute or other enactment;
. . . .

Weeks asserts that he believed he was not required to renew his driver's license when it expired in 1996 due to Pub. L. No. 103-150, 107 Stat. 1510 (2012) (Apology Resolution) and 1993 Haw. Sess. Laws Act 359, at 1009-13 (Act 359). Weeks contends that these provisions lead him to believe he did not need a Hawai'i State licence because he has a Hawaiian Kingdom driver's license. Weeks further asserts that he is not subject to the jurisdiction of the State or the United States.

With regard to Weeks's claim of ignorance or mistake of law under HRS § 702-220, he does not contend -- as he must to rely on HRS § 702-220 -- that after his reliance on the Apology Resolution and Act 359, they were "afterward determined to be invalid or erroneous[.]" HRS § 702-220. To the contrary, Weeks asserts the validity of the Apology Resolution and Act 359 as laws "telling you you're obligated to facilitate my efforts to be governed by an indigenous sovereign nation of my choosing."

---

[2] Weeks's opening brief does not comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28 in numerous ways. However, because we seek to address cases on the merits where possible, we address Weeks's arguments to the extent they are discernable. See Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995).

Weeks does not meet the requirements for the defense under HRS § 702-220.

Further, Weeks's assertion that he is not subject to the laws of the State of Hawai'i is foreclosed by State v. Kaulia, 128 Hawai'i 479, 291 P.3d 377 (2013) and State v. Fergerstrom, 106 Hawai'i 43, 101 P.3d 652 (App. 2004). In Kaulia, the Hawai'i Supreme Court ruled that:

> [Defendant] appears to argue that he is immune from the court's jurisdiction because of the legitimacy of the Kingdom government. In that regard, we reaffirm that whatever may be said regarding the lawfulness of its origins, the State of Hawai'i ... is now, a lawful government. Individuals claiming to be citizens of the Kingdom and not of the State are not exempt from application of the State's laws.

128 Hawai'i at 487, 291 P.3d at 385 (citations, quotation marks, and brackets omitted). Additionally, in Fergerstrom, this court held that "[p]ersons claiming to be citizens of the Kingdom of Hawai'i and not the State of Hawai'i are not exempt from the laws of the State of Hawai'i applicable to all persons (citizens and non-citizens) operating motor vehicles on public roads and highways within the State of Hawai'i." 106 Hawai'i at 55, 101 P.3d at 664. The district court thus had jurisdiction over Weeks's case.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order entered October 25, 2013, in the District Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawai'i, February 18, 2015.

On the briefs:

Al Thompson
(Law Office of Al Thompson)
for Defendant-Appellant

Roland J.K. Talon
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge